IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40636

Summary Calendar
_____

EMILIO CARDENAS-PEREZ,

Petitioner-Appellant,

versus

JONATHAN DOBRE,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 01-CV-663
_____

January 23, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Emilio Cardenas-Perez, immigration detainee
# 06519-0000, appeals the district court's denial of his petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.
Cardenas, a Cuban national, arrived in the United States in 1980
with the Mariel boatlift. Cardenas, together with the other

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Mariel Cubans, was determined by the Immigration and Naturalization Service to be excludable and was placed on immigration parole. He has been detained in federal custody since 1990 following his parole from a state criminal conviction. He has received regular parole review but has been denied release. Relying on *Zadvydas v. Davis*,[1] Cardenas contends that his continued detention violates his constitutional rights.

The district court did not err in determining that Cardenas is not entitled to relief.[2] Although *Zadvydas* held that a deportable alien may contest his continued detention in a 28 U.S.C. § 2241 proceeding, the Court distinguished the status of deportable aliens from that of excludable aliens like Cardenas.[3] Cardenas' petition is governed by *Gisbert*.

AFFIRMED.

---

[1] 533 U.S. 678 (2001).

[2] *See Gisbert v. U.S. Attorney Gen.*, 988 F.2d 1437, 1439 (5th Cir. 1993), *amended by Gisbert v. U.S. Attorney Gen.*, 997 F.2d 1122 (5th Cir. 1993).

[3] *See Zadvydas*, 533 U.S. at 682, 692-94.